UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIJAL SHAH,

               Plaintiff,

-against-

ROKT CORP., JUSTIN VILES, individually, NEIL ROBINSON, individually, and BRUCE BUCHANAN, individually,

               Defendants.

Civil Action No. 1:18-cv-04075-VSB

**ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS ROKT CORP., JUSTIN VILES, and BRUCE BUCHANAN**

Defendants ROKT Corp. ("ROKT"), Justin Viles and Bruce Buchanan (collectively referred to herein as "Defendants"), by way of Answer to Plaintiff Bijal Shah's ("Plaintiff") Complaint, hereby say:

### AS TO THE NATURE OF THE CASE

1. Except to admit that Plaintiff has commenced suit against the Defendants, asserting unfounded allegations pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), the New York Executive Law and the Administrative Code of the City of New York, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

### AS TO JURISDICTION AND VENUE

2. The Defendants admit that this Court has jurisdiction over actions brought pursuant to Title VII and supplemental jurisdiction but deny that Plaintiff is entitled to any damages or relief.

3. Defendants neither admit nor deny the allegations set forth in Paragraph 3 of the Complaint as it sets forth a conclusion of law to which no response is required.

4.  Defendants neither admit nor deny the allegations set forth in Paragraph 4 of the Complaint as it sets forth a conclusion of law to which no response is required.

5.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore deny them.

6.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore deny them.

## AS TO THE PARTIES

7.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore deny them.

8.  Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9.  Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11. Except to admit that Defendant Viles was a co-founder and previously employed at ROKT as a Director of Innovation, Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Except to admit that Defendant Robinson was previously employed at ROKT as the Chief Revenue Officer, Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Except to admit that Defendant Robinson was Plaintiff's supervisor for a portion of her employment with ROKT, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Except to admit that Defendant Buchanan is employed by ROKT as the Chief Executive Officer and that he held that position during Plaintiff's employment, Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Except to admit that Defendant Buchanan had supervisory authority over Plaintiff for a portion of her employment with ROKT, Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants admit that the Complaint refers to ROKT, Viles, Robinson and Buchanan as "Defendants."

18. Except to admit that Plaintiff was employed for a period of time with Defendant ROKT, Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

## AS TO MATERIAL FACTS

19. Defendants admit the allegations set forth in Paragraph 19 of the Complaint.

20. Except to admit that Defendant ROKT has EOQ meetings to review the company's performance, Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Except to admit that Plaintiff attended an EOQ meeting in California, Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegation set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.   Except to admit that on one occasion Plaintiff advised Buchanan that she was nervous about an upcoming presentation, Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.   Defendants deny the allegation set forth in Paragraph 27 of the Complaint.

28.   Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.   Defendants deny the allegation set forth in Paragraph 29 of the Complaint.

30.   Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.   Defendants deny that Plaintiff was subjected to sexual advances as set forth in Paragraph 31 of the Complaint.

32.   Defendants deny the allegation set forth in Paragraph 32 of the Complaint.

33.   Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.   Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.   Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.   Except to admit that Plaintiff voluntarily resigned from her employment with ROKT, Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.   Except to admit that, at one point during her employment, Plaintiff voluntarily resigned and then withdrew her voluntary resignation, Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.   Except to admit that Plaintiff held the position of Director of Self-Service Department for a period of time while employed at ROKT, Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.   Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.   Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny that Plaintiff was subjected to sexual advances by Defendant Viles.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Except to admit that Plaintiff voluntarily resigned from her position at ROKT in April 2017, Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegation set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegation set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegation set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegation set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny the allegation set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegation set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegation set forth in Paragraph 55 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
### UNDER TITLE VII – DISCRIMINATION

56. Defendants repeat and re-allege their responses to Paragraphs 1-55 of the Complaint as if fully set forth at length herein.

57. Defendants neither admit nor deny the allegations set forth in Paragraph 57 of the Complaint as it sets forth a conclusion of law to which no response is required.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION
### UNDER STATE LAW – DISCRIMINATION

59. Defendants repeat and re-allege their responses to Paragraphs 1-58 of the Complaint as if fully set forth at length herein

60. Defendants admit that Executive Law § 296 is accurately quoted in the Complaint but deny that Defendants violated the law.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION
### UNDER STATE LAW – AIDING AND ABETTING

63. Defendants repeat and re-allege their responses to paragraphs 1-62 of the Complaint as if fully set forth at length herein.

64. Defendants admit that Executive Law § 296 is accurately quoted in the Complaint but deny that Defendants violated the law.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION
### UNDER NEW YORK CITY ADMINISTRATIVE CODE
### DISCRIMINATION

66. Defendants repeat and re-allege their responses to Paragraphs 1-65 of the Complaint as if fully set forth at length herein.

67. Defendants admit that the Administrate Code of New York, Title 8, §8-107[1] is accurately quoted in the Complaint but deny that Defendants violated the law.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
## UNDER NEW YORK CITY ADMINISTRATIVE CODE
## AIDING & ABETTING

69. Defendants repeat and re-allege their responses to Paragraphs 1-68 of the Complaint as if fully set forth at length herein.

70. Defendants admit that the Administrate Code of New York, Title 8, §8-107[1] is accurately quoted in the Complaint but denies that Defendants violated the law.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

## AS TO REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought and deny any allegations of wrongdoing that would warrant such relief.

## AS TO JURY DEMAND

Defendants deny that Plaintiff is entitled to a trial by jury as to all matters alleged in the Complaint.

## FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## SECOND SEPARATE DEFENSE

The Complaint and each and every count thereof fails to state a claim upon which relief may be granted.

## THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH SEPARATE DEFENSE

Plaintiff's Title VII claims are barred to the extent she failed to take advantage of any preventative or corrective opportunities provided by Defendants or avoid harm otherwise, and to the extent that Defendants took prompt, remedial action in response to any complaint made by Plaintiff.

## SIXTH SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to her own conduct and not to the actions or inactions of Defendants, ROKT's employees, agents, or representatives.

## SEVENTH SEPARATE DEFENSE

Plaintiff has failed to avoid or mitigate her damages, if any.

## EIGHTH SEPARATE DEFENSE

Plaintiff would be unjustly enriched by any recovery.

## NINTH SEPARATE DEFENSE

Any action or inaction by Defendants, ROKT's employees, agents and representatives with respect to Plaintiff's employment was taken or not taken for legitimate, non-discriminatory, non-retaliatory reasons.

## TENTH SEPARATE DEFENSE

The injuries or damages alleged by Plaintiff are attributable, in whole or in part, to the acts or omissions of Plaintiff and/or third parties over whom Defendants had no control.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages, if any, is barred by applicable law and would violate the Due Process Clause of the United States Constitution.

## TWELFTH SEPARATE DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing or retaliatory behavior.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because the Defendants does not discriminate on the basis of sex.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies.

## FIFTEENTH SEPARATE DEFENSE

Defendants reserve the right to assert any other affirmative defense(s) that may become evident through investigation or discovery.

WHEREFORE, Defendants respectfully requests that this Court find Plaintiff's allegations in the Complaint to be without merit, that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendants' favor and against Plaintiff, and that this Court award Defendants their costs, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

By: /s/ David B. Lichtenberg
David B. Lichtenberg, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
Fax: (908) 516-1051
E-mail: dlichtenberg@fisherphillips.com
Attorneys for Defendants
ROKT Corp., Justin Viles, and Bruce Buchanan

Dated: June 27, 2018

## CERTIFICATE OF SERVICE

I hereby certify that the Answer of Defendants, ROKT CORP., JUSTIN VILES and BRUCE BUCHANAN was filed electronically on this date. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

By: /s/ David B. Lichtenberg
David B. Lichtenberg, Esq.
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone: (908) 516-1050
Fax: (908) 516-1051
E-mail: dlichtenberg@fisherphillips.com
Attorneys for Defendants
ROKT Corp., Justin Viles and Bruce Buchanan

Dated: June 27, 2018